JAMES M. TREAT, in equity, *vs.* ABEL PARSONS, and another. Waldo. Opinion June 2, 1892.

*Fish. Deed. Flats. Partition.*

If a party having constructed a weir for no other purpose than to take such fish as are named in his grant, finds other fish therein, and he is the first taker of them, such other fish become his property the same as if taken by other means.

Fish before they are taken are the property of no one. When taken, like all animals, *feræ naturæ,* they belong to the taker.

See *Matthews* v. *Treat,* 75 Maine, 594.

ON REPORT.

Bill in equity, heard on demurrer.

The bill alleges, after setting out plaintiff's title to the premises, that he is entitled under the deeds to "all the right of taking salmon, shad and alewives on the whole of the shore frontage of said land, together with all the privileges necessary for carrying on said fishery."

The plaintiff asks the court, sitting in equity, to interpose and regulate the enjoyment of said shore frontage, for the following reasons:—

"That said shore frontage is two hundred and twenty rods in extent, and that while in the weirs erected thereon by the defendants for the purpose of taking salmon, shad and alewives, they cannot avoid taking and do annually take mackerel, herring, porgies or menhaden, and many other kind of fish now of great value, to which they have no right, and which properly belong to the plaintiff; on the other hand the plaintiff is prevented from erecting any weirs for taking said other fish, because salmon, shad and alewives would necessarily be taken therein,

and because there is no feasible way of taking said other fish, except by means of weirs constructed in the same manner as those for the three kinds of fish mentioned in the deed to the defendants."

*J. Williamson*, for plaintiff.

Where one conveyed an undivided half part of a certain lot of land described by metes and bounds, "and including the salmon fishery contiguous to said land," it was held that but an undivided half of the fishery passed. *Duncan* v. *Sylvester*, 24 Maine, 488.

If then, the parties are tenants in common, the remedy of the plaintiff is to be sought under the equity jurisdiction of the court. "Where the subject matter of the suit is an incorporeal hereditament, a partition may be had in equity." 3 Pom. Eq. § 1388.

Counsel also cited : *Kier* v. *Peterson*, 41 Pa. St. 363 ; Co. Lit. 54, b ; *Id.* 1 ; 165, a ; *Canfield* v. *Ford*, 28 Barb. 336.

*W. H. Fogler*, for defendant.

WALTON, J.   This is a bill in equity to which the defendants have demurred.   It appears by the allegations in the bill that the plaintiff owns land bounded by the shore of Penobscot Bay, and that the defendants have obtained by grant "all the right of taking salmon, shad, and alewives, on the whole of the shore frontage of said land, together with all the privileges necessary for carrying on the said fishing."   And the plaintiff avers that by means of weirs the defendants take, and can not avoid taking fish other than the kinds named in the grant ; and he claims that these other fish properly belong to him ; and it is upon this ground that he asks for the interposition of the court.

We do not think the relief prayed for can be granted.   Fish, before they are taken, are the property of no one.   When taken, like all animals, *feræ naturæ*, they belong to the taker.   The plaintiff's claim that the fish taken by the defendants, other than the ones named in the grant, properly belong to him, has no foundation in law or equity.   The defendants have no right to attach to the plaintiff's land fixtures for the express purpose of taking fish other than those mentioned in the grant ; but if, hav-

ing constructed weirs for no other purpose than to take such fish as are named in the grant, they find other fish therein, and are the first takers of them, we think such fish become their property, the same as if taken by other means, and that the owner of the shore has no property in them. See *Matthews* v. *Treat*, 75 Maine, 594, an action in which the plaintiff in this suit was defendant, and the rights of the parties under the grant in question were fully considered and defined.

*Bill dismissed, with costs.*

PETERS, C. J., VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.