EDWARD M. SAWYER *vs.* JOHN W. BEAL, and others.

Washington.   Opinion March 10, 1903.

*Shore Fisheries.   Fish Weir.   "In front of the shore or flats of another."*
*Statutory Construction.   R. S., c. 3, ∮ 63; Stat. 1885, c. 334.*
*Colonial Ordinance, 1641–7.*

By chapter 3, § 63, of the Revised Statutes, it is provided that "no fish weir shall be erected or maintained in tide waters below low water mark in front of the shore or flats of another, without the owner's consent." *Held;* that the language "in front of the shore or flats of another," must be construed as subject to some limitation as to its meaning other than is therein expressed.

The criterion in determining whether or not a weir is "in front of the shore or flats of another," within the meaning of the statute, is whether such weir is so near or so situated with reference to the shore as to in some way injure, or injuriously affect, the shore owner in the enjoyment of his rights, as such owner.

On report.   Judgment for defendants.

Action of debt to recover the penalty provided for in R. S., c. 3, § 63, as amended by Stat. 1885, c. 334.   The plaintiff claimed that the defendants had erected and maintained a fish weir in tide waters below low water mark in front of his shore or flats at Green Island so-called in Jonesport, in Washington County, without plaintiff's consent and contrary to the statute.   The plaintiff further claimed that the weir interfered with his rights as owner of the island.

The plea was the general issue.

The facts are stated in the opinion.

*W. R. Pattangall* and *J. W. Leathers,* for plaintiff.

*J. F. Lynch* and *C. B. Donworth,* for defendants.

SITTING:   WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, PEABODY, JJ.

WISWELL, C. J.   The plaintiff, the owner of a small island known as Green Island in the town of Jonesport, brings this action to

recover the penalty provided by R. S., c. 3, § 63, as amended by chap. 334, Public Laws of 1885, which section as amended is as follows: "No fish weir or wharf shall be extended, erected or maintained except in accordance with this chapter; and no fish weir shall be erected or maintained in tide waters below low water mark in front of the shore or flats of another without the owner's consent, under a penalty of fifty dollars for each offense to be recovered in an action of debt by the owner of said shore or flats; but this chapter does not apply to weirs, the materials of which are chiefly removed annually, provided that they do not obstruct navigation, nor interfere with the rights of others. All acts or parts of acts inconsistent with this act are hereby repealed."

The defendants erected some years ago, and have since maintained, the fish weir complained of, a permanent structure, the materials of which are not chiefly removed annually. The distance between the nearest portions of the island and of the weir, at low water mark, is five hundred and twenty-eight feet. Between the weir and the island there is a sufficient depth of water at low water for vessels of considerable size to pass.

The question decisive of the case is whether or not the defendants' weir is "in front of the shore or flats" of the plaintiff within the meaning of this statute. It is obvious that the statute must contain some limitation other than is expressed in it. If it were to be given a literal construction, there is no point however distant in any direction that would not be in front of the shore of the plaintiff, since he owns the whole island with shores fronting in all directions.

A brief consideration of the purpose of this statute, in connection with the rights of an owner of land upon the sea shore and of the public, will readily enable us to supply the limitation in the effect and meaning of this section that must have been contemplated, and which is perhaps so evident that it need not have been expressed. In this State under the Colonial Ordinance of 1641, as modified by that of 1647, which has become the common law of this state, the owner of land upon the sea shore owns to low water mark, unless the tide recedes more than one hundred rods, although of course the ownership of upland and flats may become divided by the act of the

owner. Within the limits of his ownership he has all the exclusive rights of an owner. But beyond low water mark the owner of the upland and flats has no more ownership or control than any other member of the public. This ownership of the land under the sea, as well as the control of the sea fisheries, is vested in the state for the benefit of the public and the state may regulate the time and method of taking fish from the sea.

It is apparent that the rights of the owner of the shore might be seriously affected by the building of a fish weir beyond the limits of his ownership, but so near thereto as to very materially injure him; for this reason the legislature wisely enacted the statute under consideration. But the purpose of this was not to extend the ownership of the owner of the shore or to give him any new or additional rights, but simply to protect him in the enjoyment of those which he already had as owner of upland and shore or of shore alone. It follows that this statute does not apply to all fish weirs that may be erected by a person in front of the shore of another, but only to such as are so situated or are so near the shore of another as to injure or injuriously affect the latter in the enjoyment of his rights as such owner, as for instance by preventing, to some extent at least, fish from coming to the weir of the shore owner, if he has one, or by injuring his weir privilege, or by obstructing access by sea to his land, or in some other way. And the owner of the shore can not maintain this action to recover the penalty provided, which is intended in a certain sense as compensation for the injuries suffered by him, unless he is able to show that in some way he has been injured in the use and enjoyment of his land and shore by the construction of a weir in front of his shore. See *Donnell* v. *Joy*, 85 Maine, 118, and cases cited.

We do not mean that the shore owner can only be injured in some of the ways above referred to. The very purpose of the statute is to extend to him additional protection in the enjoyment of his rights as such owner, and to give him a remedy for injury, where, prior to the statute, there was neither remedy nor injury in the legal sense. But as there must necessarily be some limitation to the statute other than is expressed therein, and as there should be some criterion by which it may be determined when a fish weir is in front

of the shore of another, within the meaning of the statute, and when not, we think that this criterion must be injury of some kind to the shore of the owner. If this was not intended, we can perceive no reason why the legislature should have given to the shore owner a right to maintain an action for the erection of a fish weir beyond the limits of his ownership, and within the public domain. We do not believe that it was intended to give to the shore owner a right to maintain an action of this kind, not a qui tam action, as said in *Donnell* v. *Joy,* supra, unless he had suffered some 'injury, or been injuriously affected, by reason of the erection of the weir complained of. It follows that a fish weir maintained in front of another's shore, so near or so situated with reference to the shore as to cause any injury to the shore, or to render it less valuable for any purpose for which it is adapted, is within the meaning of the statute, but otherwise it is not.

The report of this case contains no evidence of any injuries suffered by the plaintiff by reason of the construction or maintenance of the weir complained of; in fact, the action is evidently not based upon this theory, but upon the idea that the defendants should make some compensation to him for maintaining a weir in front of his shore, but so situated and so far removed from his shore as to in no way injure or affect his rights. The statute does not give compensation on this account.

Under this construction of the statute, the action is not maintainable and it is unnecessary to decide the other question argued as to whether when consent has once been given by the owner of the shore to erect a permanent weir in front of his shore, it can afterwards be revoked by him or by his successor in title.

*Judgment for defendants.*