**In re DUNKLY et al.**

No. Bk–10762.

District Court, N. D. California, N. D.

Jan. 8, 1946.

Charles A. Christin, of San Francisco, Cal., for petitioners.

Hardin Barry, of Susanville, Cal., and Philip C. Wilkins, of Sacramento, Cal., for creditors Erich.

WELSH, District Judge.

W. J. Erich and Carrie C. Erich, listed as creditors of the above named petitioners, moved to dismiss the above entitled proceeding. The principal ground of their motion is that said petitioners were not farmers within the meaning of Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, at the time they instituted said proceeding.

Affidavits and other evidence showed that petitioners were engaged in the production of trout for commercial purposes at Lava Springs, Plumas County, California, where they operated a fish hatchery. Petitioners claim that they are entitled to the benefit of proceedings for composition or extension of time, under Section 75, sub. r. Said section provides in part: "the term 'farmer' includes not only an individual who is primarily bona fide personally engaged in producing products of the soil, but also any individual who is primarily bona fide personally engaged in dairy farming, the production of poultry or livestock * * *." The word relied on by them is "livestock."

Specifically, the main question involved herein is: Are fish livestock? The Court believes that they are not.

Definitions quoted by counsel for petitioners do not help to establish them as farmers within the meaning of the Act.

Webster's Collegiate Dictionary is quoted: "livestock—domestic animals used or raised on a farm, especially those kept for profit." The same authority is quoted for definitions of "animal" and "fish."

Counsel, however, overlooked the word "domestic" applied to "animals" in

connection with the lexicographer's definition of "livestock." Even if counsel's theory that fish are animals were accepted, they are not domestic. They have long been recognized in law as feræ naturæ. Treat v. Parsons, 84 Me. 520, 24 A. 946; Columbia River Fishermen's Protective Union v. City of St. Helens, 160 Or. 654, 87 P.2d 195, 198.

Fish have been the subject of much legislation in the State of California. Jurisdiction over them is vested in a Fish and Game Commission. Said jurisdiction has increased during recent years. The Commission was even vested with plenary regulatory powers of a legislative nature by the 1945 Legislature. The trend of this legislation indicates that fish are considered in a special category quite different from that of livestock.

Adjudications of state courts are to the effect that fish are not recognized as animals or livestock.

In United States Board & Paper Co. v. State, 174 Ind. 460, 91 N.E. 953, 955, the Supreme Court of Indiana quashed an indictment which charged that certain filth "destroyed animal life in said stream" because it failed to charge an offense under a statute which made it unlawful to destroy the lives of fish.

In Inman v. Chicago, M. & St. P. R. Co., 60 Iowa 459, 15 N.W. 286, 287, the Supreme Court of Iowa said that stock as employed in agriculture means "domestic animals or beasts collected, used or raised on a farm; as a stock of cattle or of sheep, called also livestock."

In Meader v. Unemployment Compensation Division, 64 Idaho 716, 136 P.2d 984, 987, the appellant urged that he was exempt from contribution under provisions of an Unemployment Compensation Act on the ground that fish were livestock; that the raising and production of livestock in its broader sense includes the science, art and production of plants and animals useful to man, including fish.

The Supreme Court of Idaho decided against that contention. One of its reasons was that the Legislature "specifically mentioned the raising of bees and poultry as falling within 'excepted employment', * * * this would indicate that it did not use the word 'livestock' in its generic sense, so as to include all domestic animals, otherwise the words 'bees' and 'poultry' are void, superfluous and redundant."

This reasoning applies here. Congress specifically mentioned "producing products of the soil," "engaged in dairy farming, the production of poultry * * *." These words cannot be treated as void, superfluous or redundant. They indicate an intention to limit the benefits of Section 75 to bona fide farmers personally engaged in the lines of endeavor mentioned and generally recognized as indicative of farming.

The Idaho Court arrived at this conclusion, which is applicable here: "Our attention has not been called to the decision of any court holding fish are livestock * * *, and applying the rule that words and phrases in a legislative act are assumed to have been used in their popular sense if they have not acquired a technical meaning, we cannot conclude our legislature so intended. The term 'livestock', as commonly used and defined does not include 'trout' or 'spawn.' "

The creditors also make the point that a decree of foreclosure and sale obtained against the petitioners in the Superior Court of the State of California, in and for the County of Plumas, forever barred Gerard P. Dunkly and Esther W. Dunkly from asserting any right, title or interest in the fish hatchery or property enumerated in said decree. They obtained said decree on October 9, 1945, and the petition herein was not filed until October 16, 1945. California law recognizes no equity of redemption under a chattel mortgage. Consequently the Dunklys did not come within the provision: "the filing of a petition * * * praying for relief under this section shall immediately subject the farmer and all his property, wherever located, for all purposes of this section, to the exclusive jurisdiction of the court, * * * the right or the equity of redemption where the period of redemption has not or had not expired * * *." 11 U.S.C.A. § 203, sub. n.

If the Dunklys had been farmers, they still would not have been entitled to list in their schedules the property specified in the decree of the Plumas County Superior Court.

The Erichs made the further point that the Dunklys had breached the conditions of a written agreement whereby the right of immediate entry and possession for condition broken was given. The Dunklys breached said agreement and the Erichs

thereupon became entitled to the property now in dispute. This, too, goes to strengthen the position of the moving parties herein.

It is, therefore, concluded that W. J. Erich and Carrie C. Erich are entitled to the property described in the above mentioned decree of foreclosure in the State Court, and that Gerard P. Dunkly and Esther W. Dunkly were not entitled to list the same in their schedules herein.

It is further held that said Gerard P. Dunkly and Esther W. Dunkly were not farmers or entitled to the benefits of Section 75 of the Bankruptcy Act at the time they filed their petition.

The creditors' motion is granted, and the above entitled proceeding is ordered dismissed.