CHARLES A. PERRY

AND

FRANK C. PERRY

*vs.*

FRED DODGE

Waldo.   Opinion, July 8, 1949.

*Charles A. Perry,* for plaintiff.

*Clyde R. Chapman,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J.   The plaintiffs appeal in equity from the denial of an accounting sought under prayers in their

bill that the defendant account to the plaintiffs for all monies or other benefits received by him by the sale of fish from a certain weir for the season 1948 and that such monies or other benefits be impressed with a trust for the benefit of the plaintiffs. The appeal is dismissed.

The plaintiffs are the owners of shore property. The defendant maintained a fish weir over the tide-waters and flats off the uplands owned by the plaintiffs without the license from the town and the consent of the owners required by statute. *R. S., Chap. 86, Secs. 7-11, inc., and Sec. 12, enacted in the Laws of 1947, Chap. 257.* The plaintiffs at no time had a license from the town, required by the same statute, for the erection and maintenance of a weir.

The weir proper, or the pound or enclosure, was below low-water mark. The findings of the single justice indicate that a leader reached from the weir to a point on the plaintiffs' shore above low-water mark.

The defendant had maintained and operated a fish weir for several seasons ending with 1947 under a lease from the then owners of the flats and uplands of a fish weir privilege on the property "with right to construct a weir on said privilege, providing permit is secured from lawful authorities, to use and fish the same, with all rights and privileges thereto pertaining." At no time did he have the required license from the town, but the then owners did not object to the use of the weir privilege on this ground.

In March 1948 the plaintiffs acquired the property, and the defendant was forbidden by them to maintain and operate the weir. The defendant thereafter rebuilt the weir at substantial expense, completing the construction about May 1, 1948, and maintained and operated it during the 1948 season. The bill in equity was filed on June 4, 1948.

By the final decree filed December 4, 1948 the plaintiffs' bill was sustained and a permanent injunction issued, restraining the defendant "from trespassing over the tide-

waters and flats off the uplands of these plaintiffs — and from maintaining or operating said fish weir. . . ." No appeal was taken from these provisions of the decree.

The plaintiffs' urge that the provisions of R. S., Chap. 86, Sec. 11, reading:

> "and no fish weir, trap, or wharf shall be erected or maintained in tide-waters below low-water mark in front of the shore or flats of another, without the owner's consent, under a penalty of $50 for each offense, to be recovered in an action of debt by the owner of said shore or flats."

provide inadequate relief for interference with their rights.

In *Sawyer* v. *Beal,* 97 Me. 356, at 358; 54 A. 848, 849, Chief Justice Wiswell, in an action of debt to recover the penalty under the above statute, said,

> "The very purpose of the statute is to extend to him (the shore owner) additional protection in the enjoyment of his rights as such owner, and to give him a remedy for injury, where, prior to the statute, there was neither remedy nor injury in the legal sense."

The Legislature created both the right of the shore owner to be protected against injury from a weir below low-water mark and the penalty for violation of such right. The adequacy of the statutory remedy against an injury existing only by virtue of the statute is for the Legislature and not for the Court to determine.

> "Whenever a legal right is wholly created by statute, and a legal remedy for its violation is also given by the same statute, a court of equity has no authority to interfere with its reliefs, even though the statutory remedy is difficult, uncertain, and incomplete." *Pomeroy's Equity Jurisprudence,* 5th Ed. 1941, Sec. 281.

Insofar as the plaintiffs have been injured by the existence of a leader to the weir above low-water mark, they

have full and adequate remedies at law for trespass and for such interference with their exclusive right of fishing by erecting or attaching fixtures to their shore and other rights as they may be able to establish. *Matthews* v. *Treat,* 75 Me. 594.

The court in equity may assess damages recoverable at law incidentally to the end that complete relief may be granted. *Whitehouse, Equity Jurisdiction Pleading and Practice,* 1900 Ed., Sec. 560. In the instant case, however, there is neither a special prayer for such relief nor a prayer for general relief. Accordingly, assessment of such damages as an incident to the granting of injunctive relief is not here available to the plaintiffs. *Whitehouse, supra,* Sec. 223.

The plaintiffs also seek to bring their case within the jurisdiction of equity on the theory that a trust in the proceeds of the fish taken in the weir and sold by the defendant was created by a wrongful interference with their rights. The prayer for an accounting is based on such theory. For the purpose of determining jurisdiction, we may consider the bill was brought to establish such a trust without the prayer for injunctive relief. It is apparent that the remedy by an accounting under the trust theory is not incidental to the injunctive relief. There was no reason for the court in equity to declare a trust existed for the reason that the bill was properly brought and maintained for an injunction.

The plaintiffs' bill for the purpose of establishing a trust was brought substantially to recover damages for trespass or conversion of fish, for which adequate remedies at law exist.

Equity had no jurisdiction to entertain the bill for such purpose. Nor did equity acquire jurisdiction on the ground an accounting was necessary. It does not appear that any evidence here sought could not be obtained in actions at law.

*United States* v. *Bitter Root Development Co.*, 200 U. S. 451; 50 L. Ed. 550; 25 Sup. Ct. Rep. 318; see note 53 A. L. R. 815.

It is further to be noted that there was no conversion of the fish by the defendant   Fish are *ferae naturae* and belong to the first taker.   Here the fish were fish taken by the defendant in the pound or enclosure of the weir below low-water mark.   *Treat* v. *Parsons*, 84 Me. 520; 24 A. 946.   For this reason alone, without considering under what circumstances a trust may arise from unlawful conversion of property, the relief sought is not available to the plaintiffs.

The entry will be,

> *Appeal dismissed.*
> *Decree below affirmed.*