[Civ. No. 3753.   Second Appellate District, Division One.—November
21, 1921.]

## ALBERT H. ROTHAERMEL, Respondent, v. GEORGE H. AMERIGE, Appellant.

[1] MANDATORY INJUNCTION — REMOVAL OF ENCROACHING FOUNDATION
AND WALL—ABSENCE OF DAMAGE—DENIAL OF RELIEF.—A mandatory
injunction will not be granted at the instance of an owner of a
parcel of land to compel an adjoining owner to remove a con-
crete foundation partly placed by the latter on an inch and one-
half of the former's land and also to compel the removal of the
brick wall situated thereon, where the former has not suffered any
damage and there exists an adequate remedy at law.

APPEAL from a judgment of the Superior Court of
Orange County. R. Y. Williams, Judge. Reversed.

The facts are stated in the opinion of the court.

S. M. Davis and Walter Eden for Appellant.

Marks & Launer for Respondent.

JAMES, J.—Judgment was entered in this action as
prayed for by the plaintiff, except as to the amount of
certain damages, and defendant has appealed.

Plaintiff is the owner of a parcel of land located in the
city of Fullerton, county of Orange. Upon this land there
was erected by the predecessor in interest of the plaintiff
a two-story brick building. The south wall of this building
was placed within about two inches of the line dividing the
property of plaintiff's predecessor from that of the ad-
joining land owner, title to which latter land was after-
ward acquired by the defendant. At the time of the erection
of the building referred to there were no building im-
provements upon the adjoining property. Defendant's
grantor in turn caused to be erected a brick wall along
the dividing line between the two properties, up to a height

---

1. Injunction to compel removal of encroachments by adjoining land
owner, note, 14 A. L. R. 831.

Injunctive relief as affected by comparative injury to parties, notes,
14 Ann. Cas. 19; Ann. Cas. 1913A, 248.

of one story, this wall becoming a part of a building thereon constructed. The surface of the latter wall seems not to have intruded upon the property later acquired by the plaintiff, but the contention was made by plaintiff's predecessor in interest that the foundation footings of the wall did extend over and on to the latter's property to the extent of two inches. As a result of this contention an action was brought in March, 1916, by plaintiff's predecessor against the defendant here. The action was in form one of ejectment, the complaint containing appropriate allegations as to ownership and the trespass of the defendant. Writ of restitution and damages in the sum of five hundred dollars were prayed for. The court, after trial, entered judgment, wherein it was determined that defendant had and held possession of the "south one and one-half inches of said real property in plaintiff's complaint described." The court in that action further found that "the plaintiff is not damaged by the foundation of defendant's building extending one and one-half inches upon the plaintiff's property hereinbefore described, and up to plaintiff's foundation wall." The judgment was one appropriate to an action of ejectment in that it directed that the defendant "vacate and restore to the possession of said plaintiff the south one and one-half inches of that certain lot," describing the parcel, and further directed that "writ of assistance" be issued to restore to the plaintiff the possession of the property without further proceedings. After plaintiff's predecessor had secured the judgment and all of the relief that she had asked for, except that she was found to have sustained no loss in damages, she seems to have been in a quandary as to what should be done to make effectual the right secured. As only the foundation footings of defendant's building protruded on to the land of plaintiff to the extent of the one and one-half inches, and as the two brick walls existed there, separated only by a space of about the same width, it was plainly impossible to have the footings removed without taking down one or the other of the walls. A writ of assistance or for possession, as the same is termed in section 380 of the Code of Civil Procedure, would not have authorized the sheriff to molest defendant's wall, other than to remove the footings. After the entry of that judgment

the plaintiff here came into the ownership and possession
of the north property. Prior to that time, and after the
entry of the judgment referred to, the defendant had served
written notice upon plaintiff's predecessor that he relin-
quished all right to the one and one-half inches, or the
fixtures attached to his wall, which the court had found
were intruding upon the land of the opposite party. The
plaintiff, however, proceeded to bring this suit, wherein he
sought to obtain an affirmative judgment requiring the
defendant to remove the inch and a half foundation foot-
ings as an existing encumbrance to the free use of plain-
tiff's property. In the complaint the former judgment
was pleaded as establishing the right of ownership and
possession in plaintiff's predecessor. The trial was pro-
ceeded with, evidence heard, and the court determined that
the plaintiff was entitled to the relief prayed for, except
that damages for the withholding of the property was
placed at the nominal sum of one dollar. The decree as
rendered required the defendant to "within six months
from the date hereof, remove, from the south one and one-
half inches of the property described, the concrete foun-
dation and brick wall thereon situated, and deliver up and
surrender to the plaintiff possession of said south one and
one-half inches of said property." The appellant properly
characterizes this judgment as being in form one for a man-
datory injunction. The last action was in no sense an
action upon the judgment of ejectment, for, if such were
the case, the only judgment proper to be rendered would
be one like that first entered, which would leave the plaintiff
in precisely the same situation as his predecessor was at the
time of the conclusion of the first suit. [1] We have
here a case where a bare legal right, unsupported by any
damage shown, is sought to be enforced by mandatory
writ requiring affirmative personal action to be taken. Ap-
pellant makes the point, and we agree wholly with the ar-
gument, that the case is one in which the plaintiff is shown
to be utterly without the right to claim such equitable re-
lief. As is stated by the editor in Ruling Case Law (vol. 14,
pars. 14, 15–57), mandatory injunctions are most frequently
employed in cases of nuisances, trespasses of an irreparable
nature, and for the protection of easements, and the text
further states: "It is also true, as a general rule, that the

court should not interfere by way of mandatory injunction, even though the injury be clearly established, where there has been a long-continued delay in asserting the right, and a remedy exists at law, or where the injury is so slight as to bring it within the *maxim de minimis,* or full compensation can be made in damages. If there is an adequate remedy at law, no relief will be granted, especially where there is no appreciable damage, and its issuance would require the performance of an act which would be difficult, and involve a considerable expense." A number of cases are cited from other jurisdictions fully sustaining the statement of the text. Appellant's counsel have also made pertinent citations of California decisions, notably *Grandona* v. *Lovdal,* 78 Cal. 611 [12 Am. St. Rep. 121, 21 Pac. 366] ; *Clough* v. *W. H. Healy Co.,* 53 Cal. App. 397, [200 Pac. 378]. It is also insisted that the judgment in the first action, which was pleaded in the answer, became *res adjudicata* as to every form of relief to which the plaintiff was then entitled, also that the facts as disclosed by the evidence were such as to estop the plaintiff from making the claim which he by this suit asserts. Both propositions are fairly debatable, but in view of the conclusion which we have reached as to the question discussed, we think it unnecessary to give consideration to further points urged against the validity of the judgment. Plainly enough it appears that the plaintiff was awarded relief to which the facts did not show him to be entitled.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 19, 1922.

All the Justices concurred.