[S. F. No. 11457. In Bank.—February 9, 1927.]

T. A. MᴄKEAN et al., Appellants, v. ALLIANCE LAND COMPANY, a Corporation, et al., Respondents.

[1] Aᴘᴘᴇᴀʟ—Cᴏɴꜰʟɪᴄᴛɪɴɢ Eᴠɪᴅᴇɴᴄᴇ—Fɪɴᴅɪɴɢꜱ.—It is well settled that where the evidence is contradictory the findings of the trial court are conclusive on appeal.

[2] Bᴏᴜɴᴅᴀʀɪᴇꜱ — Eɴᴄʀᴏᴀᴄʜᴍᴇɴᴛ — Aᴄᴛɪᴏɴ ᴛᴏ Rᴇᴍᴏᴠᴇ — Rᴇʟɪᴇꜰ. — Where plaintiffs and defendants are adjoining owners of real property and the former claim that the latters' building encroaches upon their lot, in a suit to enjoin defendants from depriving plaintiffs of their property and for abatement of said building as a nuisance and to recover damages, a judgment establishing the correct boundary line and awarding plaintiffs damages in the sum of ten dollars is proper, where there is no direct evidence that the encroachment of the building from one-half to five-eighths of an inch caused any actual damage to plaintiffs.

(1) 4 C. J., p. 775, n. 26, p. 883, n. 33; 23 C. J., p. 38, n. 32, p. 53, n. 93; 32 C. J., p. 50, n. 71, p. 57, n. 34, p. 61, n. 58, p. 77, n. 7, p. 78, n. 9, p. 386, n. 71; 38 Cyc., p. 1516, n. 57, p. 1518, n. 69. (2) 32 C. J., p. 146, n. 77, 78, p. 147, n. 91.

APPEAL from a judgment of the Superior Court of Alameda County. T. W. Harris, Judge. Affirmed.

The facts are stated in the opinion of the court.

John S. De Lancey and Clarence De Lancey for Appellants.

R. M. Wright and Fitzgerald, Abbott & Beardsley for Respondents.

PRESTON, J.—Plaintiffs own the northern one-half of lot 9, Alice Park Property, Oakland, California. Defendants own lot 10, adjoining. Plaintiffs claim the common boundary between said lots is located 1182.84 feet from the point of intersection of Twelfth and Harrison Streets; defendants contend it is located 1182 feet from the same point, and relying upon this contention caused to be erected upon their property a brick and tile garage building, which building

upon completion, according to the testimony of their own witness Mr. Prather, encroached beyond the boundary claimed by them a distance of from one-half to five-eighths of an inch.

Plaintiffs sued to enjoin defendants from depriving them of their property, being the said 84/100 of a foot, more or less, in dispute, and for abating said building as a nuisance; also for damages in amount of $5,000.

There is a conflict in the evidence. Clifford H. Boardman, an experienced surveyor, gave testimony in support of plaintiffs' contention. Plaintiffs also introduced certain old city ordinances in an effort to prove that subsequent to the filing for record of the map of Alice Park there had been a change made of about one foot in the monument line of Twelfth Street and certain old maps purporting to show a variation of one foot in the location of Twelfth Street. None of these exhibits show a difference of .84 of a foot and at most they appear to be but proof of inaccuracy in the surveys.

On the other hand, E. C. Prather, also an experienced surveyor, gave testimony fully supporting defendants' claim, and they further introduced evidence showing that every conveyance of lot 9 and lot 10 from 1868 to date of the trial gave the distance from Twelfth Street, or Fourteenth Street, in accordance with the filed map distance and as found by the court. Mr. Prather stated he had first surveyed the tract in question six years prior to the commencement of this action; that at the request of defendants he surveyed lot 10 in December, 1921, and again went over the survey after construction of the garage; that as his initial point he took the northerly line of Twelfth Street, as fixed by the city monuments, at its intersection with the easterly line of Harrison Street; that he found the distance along Harrison Street from said point to the point of intersection with the southerly line of lot 10 to be 1182 feet. This distance is corroborated by the map of Alice Park and is .84 of a foot less than the distance testified to by Mr. Boardman. It is conceded that Mr. Prather's survey is right, and Mr. Boardman's wrong, if the northerly line of Twelfth Street is located now where it was in 1868. In other words, it is a disputed question of fact as to whether the monument line of Twelfth Street was changed subsequent to 1868. Mr.

Prather testified that he never knew it was changed. Counsel for appellants then asked him if he would say that it was not changed after the filing of the map of Alice Park property and objection to this question was sustained on the ground that it was not the proper way of showing a change of location of streets, not the best evidence, but a matter of opinion. From the record it appears that no convincing proof of such change was given.

Mr. Prather further testified that upon his survey after erection of the garage building he fonud it had been so constructed that it encroached on lot 9 half an inch at one end, increasing to five-eighths of an inch at the other.

The trial court found that the boundary line was, as claimed by defendants, 1182 feet from the above-described point of intersection, and found further that defendants' building encroached from one-half to five-eighths of an inch on plaintiffs' lot, by reason of which encroachment plaintiffs had been damaged in the sum of $10, and no more, and gave judgment accordingly.

On appeal plaintiffs complain: First, that the findings, and particularly finding number 4 placing the damage at $10, were not supported by the evidence or the facts; and second, that the judgment of the trial court awarded damages instead of requiring removal of the encroachment.

[1] It is well settled that where the evidence is contradictory, the findings of the trial court are conclusive. "The rule adverted to above, that the jury is ordinarily the sole judge of the weight of evidence and credibility of witnesses, applies with great force in a case of conflict. It is the duty of the trier of facts to reconcile, if possible, any apparent conflict, whether such conflict is developed upon the whole case or in the testimony of an individual witness, and to give effect to all the evidence, when the nature of the case will admit of such a disposition, or, if the conflict is irreconcilable, to affix their own value to the contradictory evidence. . . . It is a cardinal doctrine often enunciated, that where, upon a question of fact, the testimony in the court below involves a substantial conflict, the action of the court below will not be disturbed. It is to be presumed that the trial judge reconciled and accounted for to his own satisfaction any and all inconsistencies which might be made to appear in the testimony." (10 Cal. Jur., pp. 1171, 1172, sec. 382,

383, citing *Adkins* v. *Brett,* 184 Cal. 252 [193 Pac. 251];
*Welch* v. *Alcott,* 185 Cal. 731 [198 Pac. 626]; *People* v.
*Weber,* 149 Cal. 325 [86 Pac. 671]; *Waer* v. *Waer,* 189 Cal.
178 [207 Pac. 891]; *Union C. Co.* v. *Madera etc. Irr. Co.,*
179 Cal. 774 [178 Pac. 957], and many other cases.)

On the question of awarding damages instead of ordering
removal of the encroachment, we find *Rothaermel* v. *Amerige,*
55 Cal. App. 273 [203 Pac. 833], in point. There the foun-
dation of defendant's building encroached 1½ inches on
plaintiff's land. The circumstances were such that the foun-
dation footings could not be removed without great incon-
venience and damage. Ownership and possession of the
disputed 1½ inches had been placed by a judgment of the
court in plaintiff. The court awarded to plaintiff nominal
damages of $1 for the withholding of the property by de-
fendant. In the opinion the following citation from Ruling
Case Law, volume 14, paragraphs 14–57, is quoted with ap-
proval: "It is also true, as a general rule that the court
should not interfere by way of mandatory injunction . . .
where the injury is so slight as to bring it within the maxim
*de minimis,* or full compensation can be made in damages.
If there is an adequate remedy at law, no relief will be
granted, especially where there is no appreciable damage,
and its issuance would require the performance of an act
which would be difficult, and involve considerable expense."

[2] Here the correct boundary line is established protect-
ing the rights of appellants. The court further specifically
found that "a judgment for said sum of $10 is an adequate
remedy for said damage and will afford said plaintiffs, and
each of them, full, complete, and adequate relief." There
was no direct evidence that the encroachment of from one-
half to five-eighths of an inch caused any actual damage
to plaintiffs, and to our mind the award of the trial court
is both wise and just.

Judgment affirmed.

Curtis, J., Langdon, J., Richards, J., Seawell, J., Shenk,
J., and Waste, C. J., concurred.