[Civ. No. 8569. First Appellate District, Division One.—December 23, 1932.]

BERNARD BLACKFIELD et al., Appellants, v. THE THOMAS ALLEC CORPORATION (a Corporation), Respondent.

Thomas P. O'Brien, Paul E. Madden, Charles A. Christin and Knight, Boland & Christin for Appellants.

I. I. Brown and L. Siedenberg for Respondent.

GANS, J., *pro tem.*—The action is one for injunction to compel removal of an overhanging wall. The trial court denied the injunctive relief sought, but awarded plaintiff damages in the sum of $200; and plaintiff has taken an appeal which is presented on the judgment-roll alone. The sole question to be determined is whether the trial court abused its discretion in awarding damages instead of granting the injunctive relief.

The facts as found by the court are as follows: Appellant and respondent own adjoining lots in San Francisco. Upon the lot of appellant is a two-story dwelling, completed in 1917. Upon the lot of respondent is a two-story reinforced concrete building, the north wall of which is 122 feet 6

inches long, 8 inches thick and 40 feet high, exclusive of footings. This building was erected in 1912, and rises about 8 feet higher than appellants' dwelling, which extends to within about an inch or two of said overhanging wall. Thus the two do not touch, and the overhanging wall does not in fact interfere with the residence.

This north wall of the concrete building, so the court found, "encroached and does now encroach upon the property of plaintiffs to the extent of ¾ of an inch at the bottom of the westerly end of said wall; that said encroachment gradually diminished until, at the easterly end thereof said wall was and is now entirely clear of plaintiffs' land by ⅞ of an inch, and the top of said wall at the westerly end thereof encroached and overhung and does now encroach and overhang the property of plaintiffs to the extent of 3⅝ inches".

The court also found that the said wall was erected, not by respondent, but by its immediate predecessor in interest, and that the said encroachment was the result of excusable mistake, and without knowledge or intent on the part of the builder; that appellants had and have no particular nor special use for their property thus encroached upon; that $200 is full compensation for all damages of appellant and is adequate remedy; that the expense and cost of removing said wall and the encroachment thereof, to the true boundary line of appellants' lot, would be approximately $6,875, and entirely disproportionate to any actual benefit that would accrue to appellant; that to grant an injunction would be inequitable.

█ Thus it will be seen that the question before the trial court was: Should it compel respondent to remove a part of the surface of an overhanging wall not exceeding 3⅝ inches at a cost of about $6,875 which was not actually interfering with the use of the property it encroached upon, when such injury as occurred could be readily compensated by payment of $200. We conclude on the authority of *McKean* v. *Alliance Land Co.*, 200 Cal. 396 [253 Pac. 134], and *Rothaermel* v. *Amerige*, 55 Cal. App. 273 [203 Pac. 833], that the conclusions reached by the trial court should be sustained.

Numerous cases have been cited by counsel and deductions *pro* and *con* therefrom have been made; but it seems unnecessary to refer to, discuss and differentiate them one by one, because in our opinion the present case falls within the general rule laid down in 32 Corpus Juris, at page 147, which is as follows: " . . . the granting of a mandatory injunction is largely a matter of discretion with the court, and depends on a consideration of all the equities between the parties. An injunction will not be granted when it will operate inequitably or oppressively; . . . or where the encroachment is trifling and the result of an innocent mistake and the damage caused to defendant by removal would be greatly disproportionate to the interest which plaintiff claims . . . "

We think, further, that the language of the Supreme Court in *McKean* v. *Alliance Land Co.*, *supra*, at page 399 of the opinion, expresses perfectly the situation in the present case. Upon these authorities we consider that the judgment should be affirmed and it is so ordered.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 21, 1933.