[Civ. No. 8501.   First Appellate District, Division Two.—March 16, 1933.]

MAURICE R. CAREY, Respondent, v. EILEEN M. BOWIE et al., Appellants.

H. H. McPike for Appellants.

Carey & Gorfinkel for Respondent.

SPENCE, J.—This is an appeal upon the judgment-roll alone from a judgment decreeing that defendants, within a specified time, remove to a point not less than 4 feet from the property line a certain addition to their dwelling-house

which encroached upon the land of plaintiff and awarding judgment in favor of plaintiff in the sum of $1,000 in the event that defendants failed to remove said addition within the time allowed.

Plaintiff and defendants were adjoining property owners in San Francisco, their lots being situated in a residential tract known as Ingleside Terraces. These lots were acquired subject to certain restrictions, among which was one providing that no building or structure should "at any time be erected or stand within less than four (4) feet of the northerly exterior side line of any lot". The addition which defendants caused to be erected not only came within 4 feet of the northerly exterior side line of their lot, but extended over that line between 1 and 1½ inches. The eaves of said addition extended over plaintiff's property between 1 foot 3½ inches and 1 foot 4½ inches at a distance of approximately 10 feet from the ground.

The complaint was in three counts. The first count alleged a violation of the above-mentioned restriction; the second count alleged the encroachment on plaintiff's lot; and the third count alleged the maintenance of a nuisance by reason of the overhanging of the eaves. The trial court found that the allegations of the complaint were true and entered judgment as above indicated. Among other things, the court found that the total cost of the removal of said addition would not exceed $125, whereas the damage to plaintiff's property by reason of the maintenance thereof would be the sum of $1,000.

Appellants first contend that "the encroachment alleged is within the maxim *de minimis*" and argue that the trial court should have awarded only nominal damages and should not have ordered the removal. We find no merit in this contention. Appellants assume that the encroachment was one of only a "few inches or a foot" and that there was "no appreciable injury". While it is true that the eaves overhung respondent's property by only a little over 1 foot, appellants ignore their violation of the restriction prohibiting building a structure within 4 feet of the property line. Respondent had a right to insist that appellants' structure be not built within 4 feet of said line and the invasion of that right amounted to several feet

rather than a few inches. Furthermore, it cannot be said that there was "no appreciable injury". The findings show that the maintenance of said addition in violation of respondent's rights would result in damage to respondent in the sum of $1,000. Upon the record before us, which consists solely of the judgment-roll, we must presume that the evidence sustained the findings and accept the findings as true (*Shields* v. *Fee Title Co.*, 206 Cal. 789 [276 Pac. 350]), and we must ignore appellants' bald statement that there was "no appreciable injury". We are therefore of the opinion that the maxim referred to by appellants has no application here and that the authorities cited by appellants (*Mertens* v. *Berendsen*, 213 Cal. 111 [1 Pac. (2d) 440], and *McKean* v. *Alliance Land Co.*, 200 Cal. 396 [153 Pac. 134]) are not in point.

Appellants further contend that the "complaint does not state facts sufficient to constitute a cause of action in respect of any reservation, covenant or condition". Under this heading appellants argue that "In the complaint there is no description or designation of the land which is to be the dominant tenement in respect to the restricted provisions." In our opinion this contention is likewise without merit. The allegations were lengthy and need not be set forth in full. It was alleged in substance that respondent was the owner of lot 8 and that appellants were the owners of lot 7 as designated on the amended map of Ingleside Terraces; that said land was part of the tract known as Ingleside Terraces and was acquired subject to certain reservations, covenants, conditions and easements set forth in an exhibit attached to the complaint. It further appears from the allegations of the complaint, as well as the exhibit attached thereto, that it was provided in said covenants that the same "shall be and do constitute covenants real running with the land and each and every part thereof hereinbefore referred to as 'Ingleside Terraces' also constitute an easement appurtenant to each and every portion of said 'Ingleside Terraces'; and that it shall be lawful for any person who is or shall become the owner of any portion of said 'Ingleside Terraces' to maintain a suit or action for a violation of any of the covenants or conditions contained against such person as may be the owner of said 'Ingleside Terraces',

or any part thereof, when the violation of such covenant is committed, for such relief in equity as may be proper in the premises''. In other words, it appears from the allegations of the complaint that every part of the tract known as Ingleside Terraces, including plaintiff's lot which was described in the complaint, was a dominant tenement with respect to the restrictions to which appellants' land was subject.

The judgment is affirmed.

Sturtevant, J., and Nourse, P. J., concurred.