[Civ. No. 1615.   Fourth Appellate District.—March 26, 1936.]

ALEXANDER S. UKHTOMSKI et al., Appellants, v. TIOGA MUTUAL WATER COMPANY (a Corporation) et al., Respondents.

Norman A. Obrand and Vernon Cruickshank for Appellants.

Dryer, Castle & Richards and William A. Page for Respondents.

SCOVEL, J., *pro tem.*—In 1929 and 1930 plaintiffs acquired under contract of sale approximately three acres of land in San Bernardino County, being part of a larger tract containing some six hundred acres known as the College Heights Tract. Plaintiffs' land is covered with sage brush and rock and the value thereof was testified to by one J. B. Baile, Federal Land Bank appraiser of San Bernardino County, as being one hundred and fifty dollars per acre.

In 1932 defendant, Tioga Mutual Water Company, erected, at a cost of some seven thousand dollars, a concrete reservoir with the necessary outlets, pipe lines, etc., for the purpose of supplying water to the persons, some five hundred in number, residing in the College Heights Tract. Through inadvertence and mistake a portion of the reservoir was constructed and pipe lines leading therefrom were laid upon a portion of plaintiffs' lands, the amount so taken consisting of about fifteen-hundredths of an acre. The reservoir and its appurtenances now constitute the sole source of water, both for domestic and irrigation purposes, for these residents in College Heights Tract. After completion of the reservoir, plaintiffs brought this action, seeking damages for trespass

to their lands and a permanent injunction restraining defendants from using and maintaining the reservoir. The trial court gave judgment in favor of plaintiffs for damages sustained by the trespass in the sum of seven hundred and sixty-two dollars and forty-one cents, refused to issue an injunction and gave to defendants an easement to maintain the reservoir and pipe lines on plaintiffs' land. From this judgment plaintiffs appeal, contending that a permanent injunction should be granted restraining the continuing trespass and maintaining that the trial court was without power to grant defendants the easement for maintenance as set forth in the judgment. Respondents admit that the reservoir and pipe lines were constructed without plaintiffs' consent and that the same constitute a continuing trespass, further conceding that in case of a continuing trespass a court of equity may enjoin the same, asserting, however, that the issuance of such an injunction is discretionary and that it should be refused where from the facts its issuance does not appeal to equity and good conscience.

The remedy of injunction is a drastic one and where its issuance will work an inequitable burden upon the defendant, the court may, in the exercise of a sound discretion, refuse to grant it where the injured party may be adequately compensated in damages. (*Heilbron* v. *Fowler etc. Canal Co.,* 75 Cal. 426 [17 Pac. 535, 7 Am. St. Rep. 183].) The principle is aptly illustrated in the so-called "encroachment cases" where one party builds his wall partly on the land of his neighbor. It being shown that the injury suffered by such encroachment is small and the harm to be suffered by compelling its removal great, the courts have uniformly refused to issue an injunction, leaving the complaining party to his action for damages. (*Rothaermel* v. *Amerige,* 55 Cal. App. 273 [203 Pac. 833]; *Blackfield* v. *Thomas Allec Corp.,* 128 Cal. App. 348 [17 Pac. (2d) 165]; *McKean* v. *Alliance Land Co.,* 200 Cal. 396 [253 Pac. 134].) It is true, as pointed out by appellants, that the amount of land taken in the decisions cited, *supra,* is considerably less than that here involved. This difference is merely one of fact, however, and does not change the legal principle involved that an injunction should not issue where its issuance would cause serious harm to the defendant and the injury caused by his inadvertence and mistake can be fully compensated by damages. In the case here involved an addi-

tional element is also involved. If an injunction should be issued as asked by plaintiffs, some five hundred persons would be cut off from their only water supply. Where injury will result to the public, an additional reason arises for the refusal to grant injunctive relief. (*Newport* v. *Temescal Water Co.*, 149 Cal. 531 [87 Pac. 372, 6 L. R. A. (N. S.) 1098].) We are of the opinion that the issuance of an injunction was properly refused.

■ As heretofore stated, the trial court granted to defendants an easement over that portion of plaintiffs' land occupied by the reservoir and pipe lines for maintenance thereof, to which plaintiffs raise objection. The controversy here was wholly equitable in nature. The defendants in their answer admitted that through their inadvertence and mistake plaintiffs had suffered a legal wrong, offered to do equity and asked the court to settle the controversy fairly to all parties. It is our opinion that the court properly denied an injunction and assessed damages against the defendants to compensate plaintiffs for the injury sustained by defendants' continuing trespass. Was this the extent of its equitable power? Having refused to prohibit defendants' use of the reservoir and pipe lines and compelled them to pay for such use, could it not make such a decree as would insure defendants the use thereof for which they have been compelled to pay and thereby fully and completely end the litigation and finally settle the controversy? No decisions from this state have been cited on the question.

In *Oregon Railroad & Navigation Co.* v. *McDonald et al.*, 58 Or. 228 [112 Pac. 413, 32 L. R. A. (N. S.) 117], where plaintiff railroad had without right been constructed on plaintiff's land, the court decreed the railroad company to be the owner thereof upon paying plaintiff its value. If a court of equity has power to give the whole title, surely it can give something less—an easement. We do not believe the inherent power of a court of equity to decree an easement to the defendants under the circumstances here involved to protect them in the enjoyment of the use of the reservoir and pipe lines for which they have been compelled to pay can be questioned.

■ Plaintiffs finally contend that their motion for judgment on the pleadings made in the lower court should have been granted because there was no specific denial of the alle-

gation of damages alleged in the complaint. Plaintiffs' allegation of damages is contained in paragraph IV of the complaint, wherein the entry upon plaintiffs' land and construction of the reservoir and pipe lines is alleged and their claim of damages sustained thereby asserted. Defendants in their answer expressly admitted the entry and construction of the reservoir and pipe lines and then denied "each and every other allegation contained in said paragraph IV". Section 437 of the Code of Civil Procedure, as amended in 1927, expressly provides for so pleading a denial as follows: " . . . The denials of the allegations controverted may be stated by reference to specific paragraphs or parts of the complaint; or by express admissions of certain allegations of the complaint with a general denial of all the allegations not so admitted." Defendants' denial of the damages alleged sufficiently complies with these requirements.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 25, 1936.