184

## In re DUNKLY et al.
### No. 10762.

District Court, N. D. California, N. D.

Jan. 18, 1946.

Charles A. Christin, of San Francisco, Cal., for petitioners.

Hardin Barry, of Susanville, Cal., and Phillip C. Wilkins, of Sacramento, Cal., for creditors, Erich.

WELSH, District Judge.

Gerard P. Dunkly and Esther W. Dunkly have filed a petition for injunction and temporary restraining order, and submitted therewith a proposed order to show cause and temporary restraining order.

Said petition recites that their creditors, W. J. Erich and Carrie Erich, are about to cause to be sold certain property belonging to petitioners. It refers to "an alleged Judgment against petitioners made and entered by the Superior Court of the State of California, in and for the County of Plumas."

There was introduced in evidence at a hearing before me on the 26th day of November, 1945, a certified copy of a "Decree of Foreclosure and Sale" which was in all respects regular. It appears therefrom that said decree was duly and regularly given, made and entered on the 9th day of October, 1945, in action No. 3533 in said Superior Court wherein W. J. Erich and Carrie Erich were plaintiffs and Gerard P. Dunkly and Esther W. Dunkly were defendants.

The sale now sought to be restrained by said defendants Dunkly is noticed pursuant to said decree. The order to show cause tendered herein would restrain said Erichs and the Sheriff of said County of Plumas from proceeding with such sale.

This Court ordered the above entitled proceeding dismissed on the 8th day of January, 1946. In the Opinion that day filed, 64 F.Supp. 10, it was decided that petitioners were not entitled to the benefit of Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, for the reason, among others, that they were not farmers. They are engaged in raising trout in a hatchery, which I still believe is not "the production of * * * livestock" within the meaning of Section 75, sub. r.

The petition for injunction and restraining order does not set forth facts sufficient to entitle petitioners to the relief sought. It does not bring to the attention of the Court any material matters which were not heretofore considered in granting creditors' motion to dismiss the proceeding.

Some doubt is entertained as to the propriety, on principle, of the issuance of a restraining order directed to a litigant in a State Court, or a County official after a proceeding such as the above has been so

dismissed. It has been broadly declared that ordinarily a Federal Court will not enjoin State Court proceedings. In re Mt. Forest Fur Farms, 6 Cir., 103 F.2d 69, 72. Such reticence applies to all steps which may be taken in actions in the State Courts (Phillips Petroleum Co. v. Jenkins, 8 Cir., 91 F.2d 183, 187), such as the steps taken by the Sheriff in the exercise of its processes (United States v. Morris, D.C., 262 F. 514) or against the parties to an action in a State Court. Essamay Film Mfg. Co. v. Kane, 258 U.S. 358, 42 S.Ct. 318, 66 L. Ed. 658; Oklahoma Packing Co. v. Oklahoma Gas Co., 308 U.S. 530, 309 U.S. 4, 8, 9, 60 S.Ct. 215, 84 L.Ed. 447.

Familiarity with the merits of the matters involved herein, gained from the records, testimony and matters of common knowledge, leads to the conclusion that the petitioners are not entitled to the assistance of the Court in their present status. Further delay would be directly contrary to the views of this Court as expressed in its Opinion and order of January 8, 1946.

■ It would be an unwarranted interference with the processes of the Courts of the State of California if the requested order to show cause and temporary restraining order were signed. Relief by injunction is so drastic that it will not be granted except in extraordinary cases. United States v. Republic Oil Refining Co., 8 F. Supp. 897, 904.

The original "Debtors' Petition" was filed herein on the 17th day of October, 1945, wherein petitioners recited that they were farmers. They thereby obtained a stay of proceedings for almost three months, which has already inconvenienced their creditors. It would not be equitable to continue that inconvenience.

■ An injunction should not be made an instrument of oppression, and will not be granted where it would seem inequitable to do so, if it will operate oppressively, or will tend to promote rather than to prevent fraud and injustice. United States v. Appalachian Electric Power Co., 4 Cir., 107 F.2d 769, 798; Ukhtomski v. Tioga Water Co., 12 Cal.App.2d 726, 728, 55 P.2d 1251; Lowe v. Copeland, 125 Cal.App. 315, 323, 13 P.2d 522.

■ The Court, therefore, refrains from signing the order to show cause, and the petition for injunction and temporary restraining order is denied.