[Civ. No. 19982.   Second Dist., Div. Three.   June 1, 1954.]

HARRY R. PEARSON, Appellant, v. ELIZABETH V. BALDWIN, Respondent.

Anderson & Howard for Appellant.

Courtney A. Teel for Respondent.

SHINN, P. J.—Plaintiff owns Lot 17 of the New Haven Tract in the city of Arcadia, improved with a one-story residence. Defendant owns Lots 15 and 16 immediately to the north, improved with a two-story apartment building containing six one-bedroom and one two-bedroom apartments. The lots face west on Santa Anita Avenue. Defendant's Lot 15 is bounded on the north by Haven Avenue. In building her apartment building recently defendant constructed a car port, the south masonry wall of which is on the common property line of Lots 16 and 17 and but 4 feet from the wall of plaintiff's house. Defendant's wall is from 8½ to 10½ feet high and it extends 9 feet beyond plaintiff's front wall and 3 feet beyond his porch. It was erected in violation of the city zoning ordinance which permitted a wall 6 feet high on the property line but required a wall of greater height to be set back not less than 3 feet. Plaintiff brought this action for an injunction to require removal of the wall and for damages.

The court found that plaintiff had a plain, speedy and adequate remedy in damages and that he had sustained no

damage. The court also found that the cost of resetting the wall would be from $2,000 to $2,500; also that defendant would suffer serious loss of use of her property if the wall should be set back 3 feet. It was found that defendant's plans and specifications were submitted to and approved by the building department of the city showing the wall as it was thereafter constructed and that the work was done under the supervision of the building department. It was also found that defendant had acted innocently and in good faith at all times. Judgment was for defendant and plaintiff appeals.

There, was testimony given by plaintiff and one expert witness to the effect that plaintiff's property had depreciated from a value of $13,000 or $13,500 before the wall was constructed to a value of from $9,000 to $11,000. Plaintiff testified that the rental value had likewise been depreciated although the property was then, and had been for more than a year, rented for $80 per month, the highest rent it had ever brought. There was no evidence, however, that there would have been no depreciation, or less depreciation, if the wall had been only 6 feet high or had been set back 3 feet from the property line, in accordance with the ordinance. There was therefore no evidence of damage sustained by plaintiff by reason of defendant's violation of the ordinance. In fact, plaintiff does not discuss the evidence of his damage nor contend that it was insufficient to sustain the finding that he has suffered none. The evidence that it would cost from $2,000 to $2,500 to reset the wall was uncontradicted. The fact that defendant's plans and specifications were approved by the department of building is of no significance except as some evidence that defendant acted in good faith and did not knowingly violate the ordinance.

Upon the facts found defendant's wall was constructed in violation of the ordinance, but in good faith; the violation has occasioned no damage to plaintiff; resetting the wall would be costly and would materially interfere with the full use of defendant's building.

In cases where the factual elements to be considered were essentially the same as those we have enumerated the courts have invariably affirmed judgments denying a mandatory injunction. (*Blackfield* v. *Thomas Allec Corp.*, 128 Cal.App. 348 [17 P.2d 165]; *Ukhtomski* v. *Tioga Mutual Water Co.*, 12 Cal.App.2d 726 [55 P.2d 1251]; *McKean* v. *Alliance Land*

*Co.,* 200 Cal. 396 [253 P. 134]; *Nebel* v. *Guyer,* 99 Cal.App. 2d 30 [221 P.2d 337].)

█ The general rule is that in order to justify a mandatory injunction against encroachments there must be a showing of irreparable injury, although the damage need not be great. (43 C.J.S. p. 446.) And when an injunction is granted it is for reasons that are absent in the present case (see *Carey* v. *Bowie,* 130 Cal.App. 400 [19 P.2d 1032]; *Phillips* v. *Isham,* 111 Cal.App.2d 537 [244 P.2d 716]).

█ Although the court found that plaintiff had a plain, speedy and adequate remedy at law, we do not attach any importance to this finding. We doubt that it would have been consistent with a finding, had the court made one, that the wall, as constructed, would seriously and permanently deprive plaintiff of the full use and comfortable enjoyment of his property.

The denial of an injunction was not erroneous. The finding that plaintiff suffered no damage is supported by the evidence, and we may not disturb it. The burden of proof was upon plaintiff to prove damage. Even if the court could have regarded the evidence as sufficient to justify an award of damages, we cannot say that it was required to do so.

It is unnecessary to discuss the finding that plaintiff was estopped to object to the wall because he made no complaint or inquiry concerning it when he saw that it had reached a height of some 3 feet. Other findings support the judgment.

The judgment is affirmed. The purported appeals from certain of the findings and the order denying motion for new trial, are dismissed.

WOOD (Parker), J., and VALLÉE, J.—We concur. It is difficult to understand the failure of the trial judge to award damages; however, this court is bound by his finding.

A petition for a rehearing was denied June 17, 1954, and appellant's petition for a hearing by the Supreme Court was denied July 28, 1954. Carter, J., and Traynor, J., were of the opinion that the petition should be granted.