[Civ. No. 9411.   Third Dist.   May 22, 1958.]

PETER BAGLIONE et al., Appellants, v. JACK B. LEUÉ et al., Respondents.

H. D. Jerrett for Appellants.

Hughes, Maul & Fogerty for Respondents.

SCHOTTKY, J.—Peter Baglione and Marie Baglione appeal from a judgment denying them a mandatory injunction to compel respondents to remove eaves on respondents' building which encroach on appellants' land.

Appellants and respondents own adjoining parcels of real property near Stateline in El Dorado County. The land owned by respondents is improved with a building which was erected in 1946 by predecessors in interest of respondents. This building is 18 feet in height, 28 feet wide, and 52 feet long. The exterior walls are constructed of pumice stone brick reinforced with steel and concrete. The eaves of the building are about 20 feet from the ground. As constructed, this building lies parallel to and within several inches of the boundary line of the two properties. The eaves on the side adjacent to appellants' property overhang their property 1.21

feet at the front corner of the building and 1.04 feet at the rear corner. No part of the wall encroaches on the appellants' property.

The former owners of respondents' property who constructed the building believed that the wall adjacent to the boundary line was constructed some 5 feet from the boundary. At the time they purchased the property there were monuments existing on the ground which were pointed out to them as designating the common boundary.

In 1954 appellants had a survey made and the encroachment was then discovered. Thereafter they brought an action for equitable relief. They sought a mandatory injunction to compel respondents to remove the encroachment, rents for the use and occupation of the property, and, as an alternative to the injunction, damages in the amount of $5,000.

At the trial the evidence disclosed that appellants' property is improved with a home which is located some 50 feet from the boundary line. It was also disclosed that in order to properly eliminate the overhang without damage to respondents' building would require extensive rebuilding which would cost about $3,500.

The court refused the injunction, granted an easement to respondents upon appellants' land to the extent of the encroachment during such time as the building remains on the land, ordered payment of $300 to appellants for the easement granted, and awarded appellants $30 damages.

As grounds for reversal of the judgment appellants contend (1) that the findings and judgment are contrary to the law and the evidence; (2) that the court erred in denying appellants an injunction; and (3) that the judgment appears on its face to have been based on matter outside of the record.

██ Appellants first argue that there is no evidence in the record to support the finding of the trial court that appellants were aware of the construction of the building and made no objection to it. There is no direct evidence that appellants knew when the building was erected or that they objected to it. However, the record does show that the building was constructed by respondents' predecessor in interest two years after appellants became the owners of the adjoining property and eight years before a survey revealed the fact of the encroachment of the overhanging eaves. We think it is fairly inferable that appellants knew of the construction of the building, but in any event the finding com-

plained of is not necessary to support the judgment and may be disregarded.

Appellants' second contention is that the court erred in denying an injunction ordering the removal of the encroachment. We do not agree with this contention. ■■ What was said in *Ukhtomski* v. *Tioga Mutual Water Co.*, 12 Cal.App.2d 726, at page 728 [55 P.2d 1251], is quite applicable to the instant case:

"The remedy of injunction is a drastic one and where its issuance will work an inequitable burden upon the defendant, the court may, in the exercise of a sound discretion, refuse to grant it where the injured party may be adequately compensated in damages. (*Heilbron* v. *Fowler etc. Canal Co.*, 75 Cal. 426 [17 P. 535, 7 Am.St.Rep. 183].) The principle is aptly illustrated in the so-called 'encroachment cases' where one party builds his wall partly on the land of his neighbor. It being shown that the injury suffered by such encroachment is small and the harm to be suffered by compelling its removal great, the courts have uniformly refused to issue an injunction, leaving the complaining party to his action for damages. (*Rothaermel* v. *Amerige*, 55 Cal.App. 273 [203 P. 833] ; *Blackfield* v. *Thomas Allec Corp.*, 128 Cal.App. 348 [17 P.2d 165] ; *McKean* v. *Alliance Land Co.*, 200 Cal. 396 [253 P. 134].) It is true, as pointed out by appellants, that the amount of land taken in the decisions cited, *supra,* is considerably less than that here involved. This difference is merely one of fact, however, and does not change the legal principle involved that an injunction should not issue where its issuance would cause serious harm to the defendant and the injury caused by his inadvertence and mistake can be fully compensated by damages."

■■ And as stated in *Christensen* v. *Tucker,* 114 Cal.App. 2d 554 [250 P.2d 660], at page 559:

"However, the numerical weight of authority in this state recognizes the rule that, where the encroachment does not irreparably injure the plaintiff, was innocently made, and where the cost of removal would be great compared to the inconvenience caused plaintiff by the continuance of the encroachment, the equity court may, in its discretion, deny the injunction and compel the plaintiff to accept damages. Of course, the practical effect of such a rule is to give the defendant, a private person, in certain circumstances, what is, in effect, the right of eminent domain by permitting him to occupy property owned by another. The rule is frequently

justified on purely practical grounds because where expensive structures have been constructed that overhang adjoining property or trespass to a minor degree, if the injunction to remove them were granted as of right, the plaintiff would be encouraged to engage in what amounts to legal extortion.''

We believe that the court properly refused to grant an injunction. The testimony disclosed that when the property was purchased by respondents' predecessors in interest who erected the building, the boundary line was pointed out to them and the building was erected some 5 feet from this supposedly true line. The court found, and the foregoing testimony supports the finding, that the former owners were without fault and not negligent in constructing the building. The encroachment was the result of a mistake. To remove the encroachment without imperiling the building would cost $3,500. If the eaves and their supporting rafters were merely cut back it would create a condition whereby water and snow would cause deterioration of the pumice stone blocks which would imperil the safety of the building. To properly remove the encroachment would require that the wall adjacent to the common boundary be moved back. This would require removing the old wall and putting in a new one. Appellants' property has a frontage of 100 feet. The value was estimated at $300 per front foot. The encroachment does not interfere with the present use of the property. A recital of these facts clearly shows that appellants are not suffering any damage and the hardship to respondents if the injunction were granted would be disproportionate to the hardship caused appellants by the encroachment. The award of $30 as damages and $300 for the easement fully compensates appellants for the slight injury caused them.

Appellants contend also that the court had no power to grant an easement. However, it was within the power of a court of equity to protect respondents in the use of the building by awarding appellants damages for the encroachment and granting respondents an easement. The case of *Ukhtomski* v. *Tioga Mutual Water Co., supra,* was an action for damages and an injunction restraining defendants from using and maintaining a reservoir, where a portion of the reservoir was constructed upon a portion of plaintiffs' lands through inadvertence and mistake. The trial court gave judgment in favor of plaintiffs for damages sustained by the trespass in the sum of $762.41, refused to issue an injunction

and gave to defendants an easement to maintain the reservoir and pipe lines on plaintiffs' land. On appeal the judgment was affirmed and a hearing was denied.

Appellants' final contention is that the judgment appears to be based upon matters outside the record. This contention deserves little comment. Appellants rely on a statement in the judgment that "the court having been fully advised in the premises, after due deliberation and careful consideration of the evidence, supplemented by the Court's own research . . ." Appellants contend that this statement could mean that the court acted in excess of its authority by going outside the record in this case. It is clear that the statement merely meant that the court engaged in legal research and it certainly did not mean that the court considered evidence outside the record. Independent legal research by a court after a case is submitted is sometimes necessary and is to be commended.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied June 11, 1958.