[Civ. No. 19349.　First Dist., Div. Two.　Dec. 20, 1960.]

HOMER B. LUSK et al., Respondents, v. EMIL L. KREJCI, JR., et al., Appellants.

Nevo F. Capitina for Appellants.

Hardy, Carley, Thompson & Love and Homer B. Thompson for Respondents.

SHOEMAKER, J.—In this action plaintiffs Lusk sought a mandatory injunction directing defendants Krejci to remove an encroachment from their property. From the judgment directing removal defendants appeal.

There is no dispute as to the physical facts. The parties own adjacent lots located on Terrace Drive in Los Altos. The respondents' ownership has existed since 1952, the appellants' since 1957. In August of 1954 respondents had a contractor build a concrete block wall; the wall is entirely upon respondents' property, running from front to rear for a distance of approximately 100 feet, along the boundary line for the first 25 feet from the front of their lot, then gradually tapering away from the boundary. At the time of this construction appellants' property was unoccupied, although built upon.

In the fall of 1954, soon after the wall was built, Vassar purchased what is now appellants' property. The Vassars built a rock wall across the back portion of their lot, perpendicular to respondents' wall, and then added dirt fill, leveling the entire rear area of their lot. The leveled dirt, which is several feet high, encroaches on respondents' lot, and is the subject of this litigation. Witnesses for appellants testified that respondent assisted Mr. Vassar placing dirt on the latter's land. Mr. Vassar's deposition, which was introduced into evi-

dence, contained statements to the effect that Lusk had consented to the fill, and had assisted him in putting dirt on his property for fill. In this respect Lusk testified that as a neighborly gesture he assisted Vassar level some piles of dirt near the latter's back porch which interfered with access on the property, and that he leveled some dirt for Vassar near the front of the wall which was entirely upon Vassar's property. He denied that he assisted Vassar with any other work in leveling the yard. Lusk further testified that he was not present when the first dirt was leveled, but that he protested at all other stages in the work, and he stated that he never consented to placing fill on his property next to his wall, and that the raised level of the encroaching area caused water to leak through his wall onto his property. An expert testified for respondent to the effect that the latter's wall could not hold back all the fill, and that it would eventually tumble if the present condition continued. He also stated that it would cost between $50 and $100 to remove the dirt which constitutes the encroachment, as opposed to $500 to construct a wall to hold back the fill.

Mr. Lusk's objections to Vassar about the filled area adjacent to his wall were fruitless, even though respondents had the property surveyed at Vassar's suggestion in an effort to settle the matter, and then Vassar moved. There followed subsequent owners in 1955 and 1956 who were likewise advised of the encroachment, but who moved from the property before anything was accomplished. There were also periods when the property was vacant during these two years, until appellants bought the property in 1957.

Appellants' first argument is that their predecessor was granted an irrevocable license. They claim the benefit of the rule that where a licensee has entered under a parol license and expended money or its equivalent in labor, in the execution of the license, the license becomes irrevocable. (*Cooke* v. *Ramponi* (1952), 38 Cal.2d 282, 286 [239 P.2d 638] ; *Stoner* v. *Zucker* (1906), 148 Cal. 516, 520 [83 P. 808, 113 Am.St.Rep. 301, 7 Ann.Cas. 704] ; *Bryant* v. *Marstelle* (1946), 76 Cal.App. 2d 740, 746 [173 P.2d 846].) ▮ Such an irrevocable license may be implied from circumstances such as tacit permission or acquiescence in the acts of the licensee. (*Zellers* v. *State* (1955), 134 Cal.App.2d 270, 275 [285 P.2d 962].) ▮ However, the record contains sharply conflicting evidence on the question of whether respondents either expressly or impliedly consented to the placing of fill on their property.

It is elementary that where the evidence is conflicting, the appellate court is bound to uphold the trial court's decision. (*Crawford* v. *Southern Pacific Co.* (1935), 3 Cal.2d 427, 429 [45 P.2d 183] ; *Florez* v. *Groom Development Co.* (1959), 53 Cal.2d 347, 354 [348 P.2d 200].)

The appellants contend that the wall constructed by respondents constitutes an agreed boundary line. They argue that Mr. Vassar's acquiescence, and its four years of existence, suffice as requisites, citing *Pilibos* v. *Gramas* (1951), 104 Cal.App.2d 353, 355 [231 P.2d 502]. We have no dispute with the doctrine therein set forth. ▆▆▆ We look to the record and find the testimony of Mr. Lusk indicates he thought the boundary line to be where it is, that he never intended the wall to serve as a boundary, and the record is devoid of any evidence of a disagreement or uncertainty between coterminous owners as to the location of the boundary line. Since the doctrine rests fundamentally on the fact that there is uncertainty and disagreement for practical location of the boundary (*Clapp* v. *Churchill* (1913), 164 Cal. 741, 745 [130 P. 1061] ; *Pedersen* v. *Reynolds* (1939), 31 Cal.App. 2d 18, 22 [87 P.2d 51] ), it does not apply here.

The appellants argue that since four years elapsed before respondents brought their action, they should be barred by the doctrine of laches. ▆▆▆ Long delays in assertion of rights can be the basis of denial of mandatory injunctive relief. (*Fay Securities Co.* v. *Mortgage Guar. Co.* (1940), 37 Cal. App.2d 637, 642 [100 P.2d 344].) ▆▆▆ However, there is no hard-and-fast rule as to the length of time which operates to bring about laches; much depends upon the peculiar circumstances of the case, and since a large discretion is confided to the trial judge, an appellate court will not interfere with his conclusion unless manifestly an injustice is done. (*Dufour* v. *Weissberger* (1916), 172 Cal. 223, 225 [155 P. 984] ; *Pratt* v. *Pratt* (1919), 43 Cal.App. 261, 279 [184 P. 956] ; *Hopson* v. *National Union of Marine Cooks & Stewards* (1953), 116 Cal.App.2d 320, 325-326 [253 P.2d 733].) It must be noted that during this four-year period, the respondents were faced with four different owners with which to deal. Further, no circumstances are disclosed in the record which justify our interference with the trial court's conclusion.

Since there can be no question but that a mandatory injunction may be granted to compel an encroachment to be removed from land with which it interferes (*Phillips* v. *Isham* (1952), 111 Cal.App.2d 537, 539-540 [244 P.2d 716] ; *Christen-*

*sen* v. *Tucker* (1952), 114 Cal.App.2d 554, 562 [250 P.2d 660]), and the other grounds of appeal being without merit, the judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.