[L. A. No. 27535.   In Bank.   Oct. 29, 1964.]

BROWN DERBY HOLLYWOOD CORPORATION, Plaintiff and Appellant, v. JOSEPH HATTON et al., Defendants and Respondents.

Frank J. Kanne, Jr., for Plaintiff and Appellant.

Russell E. Parsons, MacFarlane, Schaefer & Haun, Russell R. Pratt, Henry Schaefer, Jr., William Gamble, E. J. Caldecott and Jerol R. Hodges for Defendants and Respondents.

TRAYNOR, C. J. — In 1945, Elizabeth Haun[1] leased a building at 1610 North Vine Street in Los Angeles to defendant Joseph Hatton that he used as a restaurant. Elizabeth Haun also owned adjacent property to the north and east of this building that she leased to System Auto Parks as a parking lot. Shortly after defendant Hatton started his restaurant, he began using a strip of the land leased to System Auto Parks for the storage of garbage. This strip, approximately 5 feet by 48 feet, was adjacent to defendant Hatton's building. System Auto Parks did not object to this practice and in 1947 erected four or five iron posts marking the strip.

In 1951, Mrs. Haun leased the parking lot to defendant Broadway Hales Stores until 1980. The lease provided that the tenant of the adjacent building (defendant Hatton) could enter on the land at reasonable hours for the removal of garbage. In 1952, Broadway subleased the property for the remainder of its term to plaintiff, Brown Derby Hollywood Corporation. The sublease contained the same privilege of entry as the lease to Broadway. Defendant Hatton entered into a new lease in 1954 that expires in 1969.

From 1945 to 1961, defendant Hatton used the 5-foot strip to store garbage, and no objection was made by plaintiff or its predecessors. After the iron posts were knocked down by automobiles in 1954 or 1955, plaintiff had a white line painted to mark the strip. In 1961, the Los Angeles Health and Fire Departments notified defendant Hatton that he could not continue the uncovered and unenclosed storage of garbage on the strip because of the odor and fire danger. He negotiated unsuccessfully with plaintiff for additional space, and then, with the approval of his lessor, Mrs. Haun, began construction of an extension of his building that enclosed the strip. One week after the work began, plaintiff's attorney sent a letter to defendant Hatton protesting the encroachment on plaintiff's property and demanding that the work be stopped. Hatton disregarded this notice, and the building was completed two weeks later. The extension was made largely of brick and cost approximately five thousand dollars.

On December 13, 1961, plaintiff brought this action seeking a mandatory injunction compelling defendant Hatton to remove the extension and asking for a declaration of rights and duties under the lease between defendants Haun and Broadway and the sublease between Broadway and plaintiff.

---

[1] Elizabeth Haun, now deceased, is represented by Raymond Haun as the executor of her will.

The trial court found that defendant Hatton had acquired no right by prescription or otherwise to construct the extension on the land subleased to plaintiff. Finding that monetary damages would be adequate, the court denied the injunction and awarded damages of $728.79 against defendant Hatton to cover the period until March 31, 1969, when his lease expires, and entered judgment for defendants Haun and Broadway. Plaintiff appeals.

In an action between adjoining landowners, when the defendant without privilege occupies the plaintiff's property, an injunction is granted to remove the encroachment. (*Phillips* v. *Isham,* 111 Cal.App.2d 537 [244 P.2d 716].) But "where the encroachment does not irreparably injure the plaintiff, was innocently made, and where the cost of removal would be great compared to the inconvenience caused plaintiff by the continuance of the encroachment, the equity court may, in its discretion, deny the injunction and compel the plaintiff to accept damages." (*Christensen* v. *Tucker,* 114 Cal.App.2d 554, 559 [250 P.2d 660]; see *Dolske* v. *Gormley,* 58 Cal.2d 513 [25 Cal.Rptr. 270, 375 P.2d 174]; *Pahl* v. *Ribero,* 193 Cal.App.2d 154, 163 [14 Cal.Rptr. 174]; *Baglione* v. *Leue,* 160 Cal.App.2d 731, 734 [325 P.2d 471].) Defendant Hatton contends that this rule, designed for cases of injury to the freehold, does not apply to situations like the present one in which the action is between lessees of a common landowner. This contention is without merit. The rationale behind the rule is not to prevent injury to the freehold but to prevent a wrongdoer from gaining control of land merely by paying a penalty of damages. The tenant in possession during his term of years is entitled to protect his land against trespassers (*Strohlburg* v. *Jones,* 78 Cal. 381 [20 P. 705]), and to obtain an injunction, if necessary, to protect his interest (*Broads* v. *Mead,* 159 Cal. 765 [116 P. 46, Ann.Cas. 1912C 1125]; *Heilbron* v. *Fowler Switch Canal Co.,* 75 Cal. 426 [17 P. 535]). The consent of the landowner to the encroachment cannot prevent the tenant from asserting his rights, for a landowner cannot interfere with his tenant's possession or enjoyment by allowing others to enter upon the land. (*Bessho* v. *General Petroleum Corp.,* 186 Cal. 133 [199 P. 22].) If the lessee has only a short-term interest, the court might have difficulty in finding irreparable injury to justify an injunction. When the court finds, however, that there is such injury or that the defendant was not innocent, it should grant an injunction.

The issue in the present case is, then, whether the trial

court erred in finding that none of the factors existed that would necessitate an injunction. ■ Plaintiff contends that an injunction should be granted because defendant Hatton was not innocent. This case is not one in which the public interest is involved (*Ukhtomski* v. *Tioga Mutual Water Co.*, 12 Cal.App.2d 726 [55 P.2d 1251]). The court can therefore readily grant an injunction if plaintiff's contention is correct.

■ The defendant is not innocent if he wilfully encroaches on the plaintiff's land. (*Christensen* v. *Tucker, supra,* 114 Cal.App.2d 554, 563; *Agmar* v. *Solomon,* 87 Cal.App. 127, 142 [261 P. 1029].) To be wilful the defendant must not only know that he is building on the plaintiff's land, but act without a good faith belief that he has a right to do so. (*Oertel* v. *Copley,* 152 Cal.App.2d 287 [313 P.2d 105].) Thus, if plaintiff in the present case induced defendant Hatton to believe that he had a right to act, defendant's claim of good faith is supported. On the other hand, continuation of construction after objection by plaintiff suggests a lack of good faith. (*Dunsmuir* v. *Silva,* 154 Cal.App.2d 825 [317 P.2d 653]; *Morgan* v. *Veach,* 59 Cal.App.2d 682, 688-689 [139 P.2d 976]; *Felsenthal* v. *Warring,* 40 Cal.App. 119, 128 [180 P. 67].)

■ The evidence on the question of good faith is in conflict. Plaintiff contends that defendant Hatton knew that he was building on the land leased to plaintiff, that he was told before construction that he had no permission to do so, and that a warning was sent one week after construction began demanding that the work be stopped. Plaintiff also points to evidence that part of the addition was used as a dining room to prove that defendant Hatton did not have a good faith belief he was acting under a prescriptive right to store garbage. Defendant Hatton insists, however, that he acted under a good faith belief that he had a prescriptive right to build on the land and that plaintiff made statements encouraging this belief. He contends that plaintiff's acceptance of payment for the workers' parking of equipment during the construction and the fact that it gave him only one warning after the building was substantially completed contributed to his good faith belief. In the face of this conflict, the trial court stated only that the encroachment was no mere inadvertence and that plaintiff did not expressly consent to the construction. These findings are not conclusive. Defendant's action can be intentional and yet be innocent if he acted in good faith. Moreover, plaintiff could have induced

defendant's good faith belief without expressly consenting. The crucial issue is: Did defendant Hatton act in good faith or did he act in wilful disregard of plaintiff's rights hoping that a court would allow the structure to remain and grant only a remedy of damages? Since the trial court failed to make a finding on this crucial issue, the judgment must be reversed.

Plaintiff also contends that the trial court erred in finding no irreparable injury and that defendant Hatton's hardship clearly outweighed that of plaintiff. It argues that although the strip of land has not been used, plaintiff might make use of it before its lease expires in 1980. It might construct a building or doubledeck the parking area since its use of the lot is not restricted to a parking lot. This case is not one, however, in which the plaintiff contends that any of its present plans are hampered by the encroachment. (See *Pahl* v. *Ribero, supra,* 193 Cal.App.2d 154.) The trial court therefore properly relied on the present use and nature of the land in ascertaining whether there is irreparable injury. (*Baglione* v. *Leue, supra,* 160 Cal.App.2d 731, 735; *Christensen* v. *Tucker, supra,* 114 Cal.App.2d 554, 557; *Nebel* v. *Guyer,* 99 Cal.App.2d 30 [221 P.2d 337].)

Finally, plaintiff contends that the judgment does not award damages for the "whole wrong." It contends that since it was awarded damages only until 1969, when defendant Hatton's lease terminates, it is not protected until 1980, when its own sublease ends. In its memorandum opinion, the trial court stated that plaintiff could make a proper adjustment with the common lessor Haun and the sublessor Broadway to cover the period until 1980. It made no finding, however, declaring the rights of the parties in this regard. If damages in lieu of an injunction are awarded on retrial, relief should be granted to protect plaintiff throughout the course of its sublease.

The judgment is reversed and the cause remanded to the trial court with instructions to determine on the basis of the evidence previously presented and such additional evidence as may be presented by the parties whether or not the encroachment was innocently made.

McComb, J., Peters, J., Tobriner, J., Peek, J., Mosk, J., and Schauer, J.,* concurred.

*Retired Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.