[Civ. No. 40374. Second Dist., Div. Four. June 28, 1972.]

ALAN KEITH, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ALLIED-CANON COMPANY, Real Party in Interest.

522

[black redaction bars]

**COUNSEL**

Victor Selvig for Petitioner.

No appearance for Respondent.

Greenberg & Glusker, Michael K. Collins and Philip Glusker for Real Party in Interest.

**OPINION**

**FILES, P. J.**—In this proceeding petitioner seeks a writ of mandate to compel the superior court to grant motions for partial summary judgment and for a preliminary injunction. The underlying action in the respondent su-

perior court was brought by petitioner and others (hereinafter called plaintiffs) against Allied-Canon Company (hereinafter called defendant) to enjoin defendant from interfering with plaintiffs' use of an easement.

It is apparent that there are issues of fact in the superior court case, and it was not an abuse of discretion to deny the motion for partial summary judgment. No further discussion of that is required here.

Preliminary injunctions are ordinarily issued under Code of Civil Procedure sections 525-529 as a matter of trial court discretion. Interference by an appellate court is and should be a rarity. This is an unusual situation and the need for judicial relief appears urgent.

Plaintiffs are the owners of two homes situated on adjacent lots in the Benedict Canyon area in Los Angeles, which have no frontage on any public street. By grant deed recorded in 1945 a particularly described easement, 26 feet wide, extending southward to Deep Canyon Drive, a public street, was granted to plaintiffs' predecessors in interest. A paved road extends the length of the property described in this grant.[1]

Defendant is the owner of a large tract of land surrounding plaintiffs' lots, including the land across which the plaintiffs' easement passes. Defendant is presently engaged in preparing its property for the construction of a new subdivision of 337 new homes. This work includes grading, constructing streets and installing drainage facilities. Before commencing this work defendant applied for and obtained from the City of Los Angeles an approval of the subdivision upon a number of terms and conditions set forth in the order. Among these conditions is the requirement that a retention basin be constructed "in the vicinity of the southerly tract boundary and Deep Canyon Drive."

At the outset defendant recognized it could not carry out its plans without eliminating plaintiffs' easement in that locality. Defendant attempted to purchase plaintiffs' homes or the easement, but they chose not to sell. Nevertheless, defendant went ahead with extensive grading and other work on its property to prepare it for homebuilding. Plaintiffs' warnings that they would stand on their rights were ignored. Defendant is presently engaged in building a new road to give plaintiffs access from their homes to a public street and, when this is completed, defendant intends to close the existing roadway and build a retention basin there.

Plaintiffs brought this action to enjoin interference with their easement,

[1]Plaintiffs also claim the easement extends north from their property. Since plaintiffs' rights to the north are not admitted, we do not discuss that part of the case.

and applied for a preliminary injunction, which the superior court denied. In ruling on the motion, the trial court said:

"And this is just, of course, another battle in an epic war between these parties, and it's unfortunate, but all things considered, I just don't feel that it's a substantial change, and particularly I think we have to weigh the equities in here.

"It may be that there is a bit of inconvenience to your clients, but then, on the other hand, it's going to be a substantial expense, according to the defendants, to change their plans and do it the way that your client is insisting.

"Accordingly, the Court is going to deny relief."

■ On the admitted facts plaintiff is entitled to an injunction to prohibit defendant's threatened closure of the easement. (Code Civ. Proc., § 526; *Brown Derby Hollywood Corp.* v. *Hatton* (1964) 61 Cal.2d 855, 858 [40 Cal.Rptr. 848, 395 P.2d 896]; *Tarr* v. *Watkins* (1960) 180 Cal. App.2d 362, 365 [4 Cal.Rptr. 293]; *Christensen* v. *Tucker* (1952) 114 Cal.App.2d 554, 559 [250 P.2d 660].)

■ A preliminary injunction is an appropriate means of preserving the status quo pending final judgment in the action. (*Continental Baking Co.* v. *Katz* (1968) 68 Cal.2d 512, 528 [67 Cal.Rptr. 761, 439 P.2d 889].) ■ Denial of the preliminary injunction in this case would leave defendant free to rip up plaintiffs' road and construct a retention basin in its place. At the end of the trial, the court would be required to choose between a mandatory injunction, requiring defendant to restore the premises at great expense, or limit plaintiffs' recovery to monetary damages. To refuse an injunction in such a situation would be to give defendant a private right of eminent domain. (See *Christensen* v. *Tucker, supra,* at p. 560.)

Apparently the trial court had in mind the rule, recognized in some of the cases cited above, that where the damage to the property owner is relatively small, and the trespass is innocent, a mandatory injunction to require removal of an encroaching structure may be denied. (See *Christensen* v. *Tucker, supra,* at p. 562.) Those cases offer no justification for refusing to enjoin a prospective wilful trespass. The fact that courts are reluctant in some cases to order the destruction of an expensive encroaching structure is an excellent additional reason for granting a preliminary injunction before the new structure is commenced.

So far as appears from the record before the court the threatened trespass will not be innocent. (See *City of Dunsmuir* v. *Silva* (1957) 154 Cal.

App.2d 825, 828 [317 P.2d 653]; *Morgan* v. *Veach* (1943) 59 Cal.App.2d 682, 694 [139 P.2d 976]; *Felsenthal* v. *Warring* (1919) 40 Cal.App. 119, 128 [180 P. 67].)

Defendant has simply decided it wants to go ahead with its proposed subdivision even though it involves taking plaintiffs' property. The inconvenience and expense which defendant might suffer by the frustration of that purpose are not "equities" which the trial court should have weighed.

Under the circumstances of this case the trial court's decision to "weigh the equities" deprived plaintiff of a proper hearing on his application for a preliminary injunction.

Defendant argues here that "No legally substantial change is involved." It refers to plaintiffs' interest as a "way of necessity." The facts are otherwise. Plaintiffs' easement is not a "way of necessity," but an expressly granted, specifically located easement, which is not subject to change without the consent of both parties. (See *Tarr* v. *Watkins, supra,* 180 Cal. App.2d at p. 365, 367.) It is fatuous for defendant to assert that it may appropriate this road by building another elsewhere for plaintiffs' use. Plaintiffs are not required to sell for cash or trade for other property.

Defendant emphasizes that the city has required the construction of the retention basin as a part of the new drainage system. It is clear that the city did not require the creation of defendant's subdivision nor the work which it involves. The city imposed conditions upon its grant of approval. The city's approval never contemplated that defendant would go ahead with construction on its own property without first acquiring any other property needed to meet the conditions. The city has not exercised its power of eminent domain to take plaintiffs' property, and of course it has not empowered defendant to do so.

It may well be that defendant will be obliged to go back to the city for approval of modifications of its subdivision plan in order to complete the work without taking plaintiffs' property. But this is not a circumstance which should deter a court from prohibiting what defendant set out to do.

Defendant argues that the public's interest must be considered, citing *Ukhtomski* v. *Tioga Mutual Water Co.,* 12 Cal.App.2d 726 [55 P.2d 1251]. This is a factor which the trial court may consider on a further hearing (although we note that the cited case involves removal of an inadvertent encroachment, not prevention of a wilful taking).

A declaration of Jack R. Bereskin, project supervisor, filed in this court, states defendant has done a great deal of work on a drainage system, and if

the retention basin is not completed before the next rainy season there may be damage to homeowners who live south and west of the project. In another declaration filed in the superior court Mr. Bereskin stated that if defendant is prohibited from constructing the basin at the location of plaintiffs' easement, the only feasible alternative site is directly west of the easement. This area would require additional excavation and a retaining wall, with an estimated extra cost of $100,000.

When this matter is heard again in the superior court, if defendant offers evidence that there is danger of flood damage to persons not parties to this action, the court may consider whether some temporary use of plaintiffs' easement is required to protect such persons. In weighing the alternatives, the additional cost and inconvenience which defendant has imposed upon itself by going ahead with its project prematurely should not be weighed against the rights of other persons. Any injunction which countenances interference with plaintiffs' easement to protect nonparties should contemplate such interference as temporary, until such time as suitable arrangements may be made elsewhere.

In determining the form of any preliminary injunction which may be issued and the amount of the undertaking to be required of plaintiffs (Code Civ. Proc., § 529) the superior court should also consider the feasibility of an immediate trial on the merits. A case in which there is a preliminary injunction is entitled to precedence in trial setting (Code Civ. Proc., § 527.) What is more important, if there is potential flood danger to third persons, it is in the interest of the public, as well as the parties, to bring this case to trial as quickly as practicable, to arrive at a final judgment, which may include mandatory as well as prohibitory relief.

At oral argument here petitioner's counsel said he could be ready for trial within 30 days and defendant's counsel said he would be ready "at any time." The trial court may condition the preliminary injunction upon plaintiffs being ready for trial within a reasonable time fixed by the court.

We recognize that in a large metropolitan trial court, preliminary injunctions are the business of one department and trial settings are the business of another. But in this case the two are interrelated and the court will be capable of dealing with the problem as a whole.

Let a writ of mandate issue requiring the respondent court to vacate its order of April 4, 1972, denying a preliminary injunction, and to hear and

consider petitioner's application for a preliminary injunction in the light of this opinion. In other respects the petition is denied.

Kingsley, J., and Dunn, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied August 23, 1972.