[Civ. No. 42741. Second Dist., Div. Four. Jan. 8, 1974.]

JOSEPH J. BOSIO et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA BARBARA COUNTY,
Respondent;
THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS,
Real Party in Interest.

COUNSEL

Pier Gherini, John Gherini and Bruce Sharpe for Petitioner.

No appearance for Respondent.

Harry S. Fenton, John P. Horgan, Norval Fairman, Francis A. McEnaney, David W. Robison and Robert R. Buell for Real Party in Interest.

OPINION

**KINGSLEY, J.**—The real party in interest proposes to construct a multi-lane freeway across the Lompoc Valley, by-passing the City of Lompoc. Petitioners brought suit in respondent court, seeking, on environmental and ecological grounds, to prevent the proposed construction.[1] After a trial, the respondent court issued and filed its memorandum of intended decision, which indicated an intention to decide the cases in favor of the real party in interest. Immediately thereafter the real party in interest let a contract for the projected freeway.

At that juncture, we issued our writ, commanding respondent court to issue its order directing the real party in interest to cause any work of construction on the proposed freeway to cease pending the further order of this court. We also directed the court and the real party in interest to show cause before us why such stay should not be continued in force.

Prior to the return date on that order to show cause, respondent court issued and filed its findings of fact and conclusions of law, in favor of the real party in interest. On November 8, 1973, the day after argument in this court on our order to show cause, judgment was entered in the consolidated case in favor of the real party in interest. Notice of appeal was filed in case number SM 13017 on November 19, 1973, and in case number SM 11049 on November 21, 1973. The record in case number SM 11049 has been filed with this court (2d Civ. No. 43291) and appellants' opening brief is on

---

[1] Case number SM 11049 started as a typical condemnation proceeding to condemn land for use in the proposed freeway. Petitioner Bosio and petitioner Gherini sought to raise the issues herein involved by demurrer to the complaint and, later, by an affirmative defense in their answer and by a cross-complaint. The demurrer was overruled and the affirmative defense was stricken on the ground that those were not appropriate methods to raise those issues; demurrer to the cross-complaint was overruled, the cross-complaint was severed for trial from the condemnation proceeding and, ultimately, was consolidated with case number SM 13017, which sought the same relief as was sought by the cross-complaint.

file: we are advised that the record in case number SM 13017 is in the process of preparation but will not be filed with this court until the end of February 1974, at the earliest.[2]

■ The matter has been fully argued. For the reasons set forth below, we direct the respondent court to see that the stay order heretofore issued remains in force until the underlying litigation is completed.

It is obvious that, if construction is allowed to proceed while the pending appeals are under consideration, damage, whether legally or illegally effected, will occur to the environment and ecology of Lompoc Valley. It is equally obvious that, in light of the time which necessarily will be involved in hearing and considering those appeals in this court and in higher courts, such damage is likely to have reached such an extent as to make the basic issues moot before they are determined. Our examination of the papers before us in the present proceeding convinces us that those issues, which involve important and difficult questions including the interpretation and application of both federal and state legislation in the environmental and ecological fields, are not frivolous.

The question argued to us at the hearing on the order to show cause was whether there were countervailing considerations so strong as to make it inequitable to require the real party in interest to await the conclusion of the underlying litigation. We do not find that there are considerations of that dimension.

## I

■ The suggestion that petitioners have been guilty of laches is without support in the record. They attempted to raise their objections by demurrer and by answer in the suit brought by the real party in interest to condemn land owned by petitioners Bosio and Gherini. When the trial court held that the issue could not be raised in that fashion, the present litigation was promptly begun. In light of the issues involved, we cannot say that that litigation was unduly long.[3] Petitioners sought relief in this court immediately after the trial court had indicated its intention to rule against them. Clearly, the real party in interest has been fully aware of petitioners' objections from the outset. No facts supporting the claim of laches appear in any return or argument presented to us.

---

[2] A copy of the findings of fact and conclusions of law, stipulated to be correct, was filed with us at the time of oral argument on our order to show cause. We have examined the record and brief on file with this court in SM 11049 (2d Civ. 43291); information as to the status of case number SM 13017 was obtained from the clerk of respondent court.

[3] Nor is there any showing the petitioners are at fault for the length of time involved in the trial court proceedings.

## II

▆ The real party in interest argues that, since a contract for construction was let before our stay order became effective, further delay will cause substantial increased expense. As we have indicated above, the real party in interest rushed to let the contract as soon as the memorandum of intended decision was on file, without waiting even for findings of fact to be proposed or filed and over two months before the actual judgment was entered. The record before us shows affirmatively that such action was taken intentionally and knowingly at the risk of subsequent adverse judicial action. Real party in interest stands before us in a posture similar to that of the subdivider in *Keith* v. *Superior Court* (1972) 26 Cal.App.3d 521 [103 Cal. Rptr. 314]. A party who flouts appropriate judicial action in that fashion presents no equitable claim for relief from the costs he thus incurred.

## III

At oral argument, counsel for the real party in interest argued that, if the stay continued, it might decide to abandon the project entirely.[4] We cannot say, on the record before us, that that result (which lies entirely in the hands of the real party in interest) is so obviously a social danger as to offset the equities in favor of petitioners.

The proposed freeway is intended to connect a two-lane scenic highway on the south with a winding two-lane road over the so-called Harris grade, on the north. A widening of the Harris grade road is contemplated, but it was not at the time of hearing (or now) certain that that contemplated project will ever take place and, if it does, it will not be before 1980. The only immediate effect of the proposed Lompoc Valley freeway will be to provide a by-pass for the City of Lompoc. We are not convinced that the construction of a multi-lane, high speed freeway, merely to by-pass a city of 28,500 people,[5] is so necessary that its construction must go on before its legality has been settled.

Let a writ of mandate issue, directing respondent court to take such steps as may be necessary to insure that, unless this or some higher court shall otherwise order, construction on the proposed freeway does not continue

---

[4]We note, without further comment, the inconsistency between that suggestion and the argument made to us that there is a pressing social need for the proposed freeway.

[5]The City of Lompoc is the site of a partially reconstructed Mission and is the center of a major flower and flower seed growing area. The community is essentially agricultural.

until after the case of People v. Bosio, et al., Santa Barbara Superior Court case number 11049, and the case of Preserve Lompoc's Unique Surroundings, et al. v. Division of Highways, Santa Barbara Superior Court number SM 13017, have been finally concluded.

Jefferson, Acting P. J., and Dunn, J., concurred.