[Civ. No. 54429. Second Dist., Div. Four. Mar. 19, 1980.]

THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION,
Plaintiff and Appellant, v.
JOSEPH J. BOSIO et al., Defendants and Appellants.

COUNSEL

Richard G. Rypinski, John P. Horgan, Norval Fairman, Francis A. McEnaney, David W. Robison, Lee Tyler and Robert J. DeFea for Plaintiff and Appellant.

John Gherini for Defendants and Appellants.

OPINION

**KINGSLEY, J.**—This is the latest installment in the litigation arising out of the state's attempt to construct a multi-lane freeway near the City of Lompoc.[1] After a series of suits, resulting in a judgment enjoining the construction of the freeway, the state abandoned the condemnation action (except for a small part not herein involved) and the court proceeded to determine defendants' damages under former section 1255a of the Code of Civil Procedure. The trial resulted in a "Judgment" dismissing the eminent domain proceeding, awarding defendants approximately $45,000 as damages and costs under that section, denying defendants recovery for certain other damages, and reserving jurisdiction for one year on defendants' claim for alleged damages for future down-zoning of their property.

---

[1] *Bosio* v. *Superior Court* (1974) 36 Cal.App.3d 586 [111 Cal.Rptr. 789]; *People* ex rel. *Dept. Pub. Wks.* v. *Bosio* (1975) 47 Cal.App.3d 495 [121 Cal.Rptr. 375].

Defendants, in addition to the elements involved in their cross-appeal herein, had sought damages under Code of Civil Procedure section 1255a, subdivision (d) for what they contend is a threatened "down-zoning" of part of the property not involved in the condemnation action. The court refused to include an award of damages on that claim in its judgment, on grounds it was too speculative. As to that matter, the "Judgment" provides as follows: "IT IS FURTHER ADJUDGED that the Court will retain jurisdiction over that phase of the case relating to alleged damages to defendants' property by reason of possible future down grading of defendants' present residential and highway use to open space. The Court finds that the future zoning of defendants' property is uncertain because of plaintiff's freeway plans. This Court further finds that there is substantial evidence to suggest that future down zoning of defendants' property is a reasonable possibility and, if in fact it should occur, that it was the proximate result of plaintiff's freeway plans.

"It is therefore Ordered that this Court will retain jurisdiction for one year, and this phase of the case relating to said damages as a result of possible down zoning is bifurcated and a new trial date will be given by ten days notice by defendants and said trial date will have priority on the civil trial calendar."

The state has appealed from the entire judgment and defendants have cross-appealed. However, in its opening brief, the state has expressly stated that it is not contesting the monetary award but "rather from the court's attempt to retain jurisdiction for one year after said judgment for the purpose of assessing damages found by it to be purely speculative prior to the date of said judgment."

The portion of the judgment to which plaintiff here objects reserved jurisdiction only for one year after January 4, 1977. We are advised by counsel that, as of the date of briefing herein (June 1, 1979) no amendment of the general plan had been enacted. It follows that the attempted reservation of jurisdiction no longer has any effect and it may be disregarded because the anticipated damage to defendants has not occurred. It is immaterial that the pendency of this appeal deprived the trial court of jurisdiction to hold the contemplated deferred hearing, since the contingency on which the reserved jurisdiction might have been exercised never occurred.

Since, as we have pointed out above, the state expressly does not attack the monetary award made by the trial court, its appeal from that portion of the judgment is deemed abandoned and that portion of the judgment stands affirmed.

■ By their cross-appeal, defendants contend that they are entitled, under Code of Civil Procedure section 1255a, to damages for loss of use of property not involved in the condemnation action. Admittedly, in that proceeding, the state did take a small tract, under its right of immediate possession. Part of the area so taken was used by the state for the construction of a pipeline; payment for that area has been made. As to the rest, the order before us makes compensation for the loss of use during the state's possession. The claim now made is that, because of the threat of condemnation for the freeway right-of-way, defendants were prevented from developing the rest of the 137-acre tract that they owned. That issue was tried and the trial court found that no such restriction had existed but that the failure to develop the property not included in the condemnation proceeding was due to defendants' own choice to await the building of the freeway. We cannot say that the evidence did not support that finding. Therefore, the cross-appeal, directed to that element of alleged damage, must fail.

The judgment is affirmed.

Files, P. J., and Rogan, J.,* concurred.

A petition for a rehearing was denied April 2, 1980, and the petition of defendants and appellants for a hearing by the Supreme Court was denied May 14, 1980.

*Assigned by the Chairperson of the Judicial Council.